20262. WALZ, receiver, v. OWENS.

DECIDED OCTOBER 1, 1930.

*Douglas W. Matthews, Brandon & Hynds,* for plaintiff.
*Don K. Johnston,* for defendant.

STEPHENS, J. This was a suit in the municipal court of Atlanta, by G. F. Walz, receiver of the Citizens Bank of West Palm Beach, Florida, transferee, against John S. Owens, upon three notes for $600 each, dated September 20, 1926, and due respectively April 1, May 1, and June 1, 1928, executed by John S. Owens to the order of Ida V. McCrimmon, and indorsed by her and J. C.

McCreary. The defendant, in his plea as amended, alleged that the plaintiff was "not the owner and holder" of the notes, and was "not an innocent purchaser for value received before maturity and without notice, but that said plaintiff bank is posing as holder of 'said notes' in order to perpetrate a fraud on the defendant, .. . when in truth and fact said bank was not an innocent holder;" that, some time prior to the execution by the defendant of the notes sued on, the defendant and a person by the name of King, a nephew of the payee, had borrowed of the payee $5,000, and had executed to her notes for that sum signed by King as maker and the defendant as indorser; that afterwards, in 1926, the defendant executed the notes sued on and some other notes, the total of all the notes amounting to $7,130, which represented the $5,000 indebtedness to Mrs. McCrimmon, with the accrued interest thereon; that, prior to the execution of the notes sued on, King, who was in business with the defendant, represented to the defendant that none of the notes sued on had been paid, and thereby induced the defendant to execute the notes sued on; that afterwards the defendant ascertained that King had in fact paid to Mrs. McCrimmon on said notes the sum of $3,127.20 out of funds derived from the business in which King and the defendant were engaged, and that defendant did not know of this payment when he executed the notes sued on; that by reason of the facts alleged in the plea the defendant's execution of the notes had, with the knowledge of Mrs. McCrimmon, been procured by fraud; that upon various dates the defendant made payments on this indebtedness to Mrs. McCrimmon in various sums aggregating $3,600; that Mrs. McCrimmon did not indorse or sell the notes to the bank; but that King and the indorser, J. C. McCreary, "conspired to perpetrate a fraud upon this defendant, and the plaintiff in this case became a willing aid to said scheme to enforce the collection of these notes, and is not a purchaser for value before due without notice, and had no right, title or interest in said notes sued on." The defendant alleged that the title to the notes was in the superintendent of banks of the State of Florida, and not the bank. The court struck the plea and entered judgment for the plaintiff in the amount of one of the notes sued on. This judgment was affirmed by the appellate division of the municipal court. The superior court sustained a certiorari brought by the defendant. The plaintiff excepted.

The plea as amended alleged no facts constituting a defense to the notes on the ground of fraud in their execution. The plea as amended amounts only to a plea of payment of $6,727.20 upon an indebtedness of $7,130, and that the bank as the transferee was not a holder in due course. The allegations, therefore, are sufficiently specific to withstand the general and special demurrers interposed. The judge of the municipal court therefore erred in striking the plea and entering judgment for the plaintiff against the defendant. The judge of the superior court properly sustained the certiorari of the defendant excepting to the judgment of the appellate division of the municipal court affirming this judgment.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*